IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

Case Number: 3:20-CV-84-JRW

CYRIL THOMAS                                              PLAINTIFF
2532 Veronica Dr.
Louisville, Kentucky 40216

v.                      **VERIFIED COMPLAINT**

NATIONAL CREDIT SYSTEMS, INC                              DEFENDANTS
3750 Naturally Fresh Blvd.
Suite 512
Atlanta, GA 30349

    SERVE:    CT Corporation System
                    306 W. Main Street, Suite 512
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

AND

WORLD FINANCE COMPANY OF KENTUCKY, LLC
108 Frederick St.
Greenville, SC 29607

    SERVE:    CT Corporation System
                    306 W. Main Street, Suite 512
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

    SERVE:    CSC-Lawyers Incorporating Service Co.
                    421 W. Main Street
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

      SERVE:    CT Corporation System
                       306 W. Main Street, Suite 512
                       Frankfort, Kentucky 40601
                       (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

      SERVE:    The Prentice Hall Corporation System
                       421 W. Main Street
                       Frankfort, Kentucky 40601
                       (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Cyril Thomas, by counsel, and for his Verified Complaint against the Defendants, National Credit Systems ("National"), World Finance ("World Finance"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union"), states as follows:

### I. PRELIMINARY STATEMENT

1.    This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; National's and World Finance's false reporting to Equifax, Experian, and Trans Union of alleged undisputed delinquent debts, and Defendants' failure to correct National's and World Finance's false reporting on Plaintiff's credit reports.

## II. PARTIES

2. Plaintiff, Cyril Thomas, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 2532 Veronica Dr., Louisville, Kentucky 40210.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant National is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 3750 Naturally Fresh Blvd., Atlanta, Georgia 30349.

5. Defendant World Finance is a limited liability company organized under the laws of the Commonwealth of Kentucky with its principal place of business located at 108 Frederick St., Greenville, South Carolina 29605.

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11. Trans Union is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

13. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

15. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

16. In or around February 2019, Plaintiff, who was in the process of seeking home mortgage financing, accessed his Equifax, Experian and Trans Union credit report and discovered that World Finance was reporting that Plaintiff's account was past due and owing to World Finance in the amount of $1610.00.

17. World Finance charged off Plaintiff's debt in the amount of $1610.00, presumably Plaintiff's remaining balance on the World Finance account, pursuant to 26 C.F.R. § 6050P(b)(i)(2)(G).

18. Immediately upon discovering World Finance's false and derogatory tradeline which showed an alleged balance due and owing to World Finance, Plaintiff filed a dispute with Equifax, Experian and Trans Union regarding the inaccuracy of the World Finance tradeline given its cancellation of the alleged debt.

19. Upon information and belief, Equifax, Experian and Trans Union pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified World Finance of the dispute at or within five (5) days of receiving notice of the dispute from Plaintiff.

20. In March 2019, National, Equifax Experian and Trans Union verified the alleged past due World Finance account reporting on Plaintiff's credit report.

21. Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, World Finance, Equifax, Experian and Trans Union failed to investigate Plaintiff's dispute and failed to remove the disputed item from Plaintiff's credit report.

22. Upon information and belief, World Finance, Equifax Experian and Trans Union did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following World Finance's, Equifax's, Experian's and Trans Union's receipt of Plaintiff's dispute.

23. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's dispute and Defendants' false reporting of Plaintiff's alleged past due World Finance account.

24. In or around February, 2019, Plaintiff, who was in the process of attempting to obtain mortgage financing, accessed his Equifax, Experian, and Trans Union credit reports and discovered an alleged National past due account in the amount of $8376.

25. In or around February 2019, Plaintiff disputed the alleged past due account to Equifax, Experian, and Trans Union in writing. Upon information and belief, Equifax, Experian, and Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified National of the dispute at or within five (5) days of Equifax's, Experian's, and Trans Union's receiving notice of the disputes from Plaintiff.

26. In or around February, 2019, Equifax, Experian, and Trans Union, despite Plaintiff's disputes of the foregoing tradeline, failed to investigate the tradeline and failed to note the tradeline as "in dispute".

27. Equifax's, Experian's, and Trans Union's failure to investigate Plaintiff's disputes and their failure to maintain the accuracy of Plaintiff's credit history has damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Equifax's, Experian's, and Trans Union's failure to properly investigate Plaintiff's dispute.

## V. CLAIMS

### Negligence – National

28. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 41 as if fully set forth herein.

29. National's failure to investigate Plaintiff's dispute and its false reporting to Equifax, Experian and Trans Union regarding the National tradeline was negligent under applicable law. In failing to investigate Plaintiff's dispute and in falsely reporting the status of the National account, National breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

30. National's failure to investigate Plaintiff's dispute and its false reporting to Equifax, Experian and Trans Union regarding the alleged past due National account has caused and

continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

31. National's failure to investigate Plaintiff's dispute and its false reporting to Equifax, Experian and Trans Union regarding the National tradeline was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – World Finance

32. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33. World Finance's failure to investigate Plaintiff's dispute and its false reporting to Equifax, Experian, and Trans Union regarding the World Finance's tradeline was negligent under applicable law. In failing to investigate Plaintiff's dispute and in falsely reporting the status of the World Finance account, World Finance breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

34. World Finance's failure to investigate Plaintiff's dispute and its false reporting to Equifax, Experian, and Trans Union regarding the alleged past due World Finance account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

35. World Finance's failure to investigate Plaintiff's dispute and its false reporting to Equifax, Experian, and Trans Union regarding the World Finance tradeline were willful and wanton, entitling Plaintiff to punitive damages therefor.

## Negligence – Equifax

36. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of Plaintiff's National and World Finance accounts, despite Plaintiff's lawful notice to Equifax of the falsity of the report, was negligent.

38. In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the subject tradelines, Equifax breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

39. Equifax's negligent failure to delete and/or amend its reporting of the subject tradelines has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

40-. Equifax's failure to delete and/or amend its reporting of the subject tradelines, despite Plaintiff's lawful notice to Equifax of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Negligence – Experian

41. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

41. Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of Plaintiff's National and World Finance accounts, despite Plaintiff's lawful notice to Experian of the falsity of the reports, was negligent.

42. In failing to investigate Plaintiff's disputes and in failing to delete and/or amend its

reporting of the subject tradelines, Experian breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

43. Experian's negligent failure to delete and/or amend its reporting of the subject tradelines has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

44. Experian's failure to delete and/or amend its reporting of the subject tradelines, despite Plaintiff's lawful notice to Experian of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Negligence – Trans Union**

45. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46. Trans Union's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of Plaintiff's National and World Finance accounts, despite Plaintiff's lawful notice to Trans Union of the falsity of the report, was negligent.

47. In failing to investigate Plaintiff's disputes and in failing to delete and/or amend its reporting of the subject tradelines, Trans Union breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

48. Trans Union's negligent failure to delete and/or amend its reporting of the subject tradelines has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

49. Trans Union's failure to delete and/or amend its reporting of the subject tradelines, despite Plaintiff's lawful notice to Trans Union of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

**Defamation – National**

50. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 51 as if fully set forth herein.

52. National, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Experian and Trans Union and other currently unknown individuals and/or entities who have accessed Plaintiff's credit report, that Plaintiff has an undisputed past due and payable National account. National's statements were false and were made with conscious disregard for the rights of the Plaintiff.

53. National's publication of false statements regarding Plaintiff's creditworthiness and the alleged past due account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

**Defamation – World Finance**

54. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

55. World Finance, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Experian, Trans Union, and other currently unknown individuals and/or entities who have accessed Plaintiff's credit report, that Plaintiff has an undisputed past due and payable World Finance account. World Finance's statements were false and were made with conscious disregard for the rights of the Plaintiff.

56. World Finance's publication of false statements regarding Plaintiff's creditworthiness and the alleged past due World Finance account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

57. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, National, World Finance, and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has undisputed past due and payable accounts with National and World Finance. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

59. Equifax's publication of false statements regarding Plaintiff's creditworthiness amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

60. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 59 as if fully set forth herein.

61. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, National, World Finance and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has undisputed past due and payable accounts with National and World

Finance. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

62. Experian's publication of false statements regarding Plaintiff's creditworthiness amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

63. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 62 as if fully set forth herein.

64. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, National, World Finance and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has undisputed past due and payable accounts with National and World Finance. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

65. Trans Union's publication of false statements regarding Plaintiff's creditworthiness amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – National

66. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67. National's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax, Experian and Trans Union of Plaintiff's alleged past due and payable account are violations of National's duties as a furnisher of credit information pursuant to the

FCRA, 15 U.S.C. §1681s-2(b).

68. National's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which National is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – World Finance**

69. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 68 as if fully set forth herein.

70. World Finance's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax, Experian, and Trans Union of Plaintiff's alleged past due and payable account are violations of World Finance's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

71. World Finance's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which World Finance is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

**Negligent Violation of the Fair Credit Reporting Act – Equifax**

72. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 71 as if fully set forth herein.

73. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

74. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or

evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

75. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

76. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 75 as if fully set forth herein.

77. Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

78. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's disputes are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

79. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

80. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 79 as if fully set forth herein.

81. Trans Union's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

82. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's disputes are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

83. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – National

84. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 83 as if fully set forth herein.

85. National's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax of Plaintiff's alleged past due and payable account, despite National's knowledge of the falsity of its reporting, are willful violations of National's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

86. Given National's knowledge of the falsity of its reporting, National's violations of

the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which National is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – World Finance

87. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 86 as if fully set forth herein.

88. World Finance's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax, Experian, and Trans Union of Plaintiff's alleged past due and payable account, despite World Finance's knowledge of the falsity of its reporting, are willful violations of World Finance's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

89. Given World Finance's knowledge of the falsity of its reporting, World Finance's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which World Finance is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

90. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 150 as if fully set forth herein.

91. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

92. Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

93. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

94. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 93 as if fully set forth herein.

95. Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Experian's knowledge of the falsity of the disputed items are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

96. Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's disputes are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

97. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual

damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

98. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 97 as if fully set forth herein.

99. Trans Union's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Trans Union's knowledge of the falsity of the disputed items are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

100. Trans Union's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's disputes are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

101. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Cyril Thomas, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/Britt Stevenson*
BRITT STEVENSON
The Wolf Building
150 South Third St.
Louisville, KY 40202
Phone, (502) 583-2888
Facsimile, (502) 589-2825
brittstevensonlaw@gmail.com
Counsel for Plaintiff

## **VERIFICATION**

Plaintiff, CYRIL THOMAS states that he has read the foregoing, and that and that the statements contained therein are true as he verily believes.

_____
CYRIL THOMAS

COMMONWEALTH OF KENTUCKY    )
                            )
COUNTY OF JEFFERSON         )

Subscribed, sworn and acknowledged before me by CYRIL THOMAS, who personally appeared before me this 25th day of November, 2019 and declared his signature to be his free act and deed.

_____
NOTARY PUBLIC

My commission expires: 8/4/2021